UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PETROLEUM HELICOPTERS, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:05-cv-1349-DFH-TAB |
| | ) | |
| ROLLS-ROYCE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON OCTOBER 3, 2006 TELEPHONIC STATUS CONFERENCE

Parties appeared by counsel on October 3, 2006 for a telephonic status conference. Discussion was held regarding Plaintiffs' motion to enlarge the non-expert liability discovery deadlines [Docket No. 55] and their motion to file the exhibits in support of that motion under seal. [Docket No. 54.] Plaintiffs' motion to enlarge the discovery deadline is granted. Plaintiffs' motion to seal is granted in part and denied in part.

Plaintiffs' motion to seal is denied to the extent Plaintiffs seek to file Exhibit A under seal. Exhibit A is an excerpt from the Federal Register. There are no imaginable circumstances under which a court could properly seal portions of the Federal Register. Likewise, Plaintiffs' request to file under seal Exhibit B – a letter between counsel that is neither privileged nor confidential – is similarly without any support in the law or logic. Filing a motion asking that portions of the Federal Register and that a non-privileged and non-confidential letter between counsel be filed under seal could be sanctionable. It will suffice for now to simply deny Plaintiffs' motion to the extent it seeks to file Exhibits A and B under seal.

Plaintiffs' motion is also denied to the extent that it seeks to seal Exhibit D – a compilation of excerpts from the deposition of Rolls-Royce employee Gary Souza taken in a case pending in Louisiana.  Counsel makes no representation that this deposition was sealed in the case in which it was taken.  Nor does counsel provide a valid argument as to why the deposition excerpts warrant special treatment.  A review of these excerpts fails to demonstrate any basis for secrecy.  Therefore, Plaintiffs' request to file Exhibit D under seal is denied.

However, Plaintiffs' request to file Exhibit C under seal is granted.  Exhibit C consists of confidential, proprietary information regarding the design of Rolls-Royce's products, and therefore good cause exists to file Exhibit C under seal.  Likewise, Plaintiffs' motion to seal Exhibit E is granted.  Exhibit E is a Rolls-Royce Technical Data Report that discusses the results of Rolls-Royce's on-going product failure investigation.  As such, this document has been properly designated as confidential and shall remain under seal.

Having made the above rulings on Plaintiffs' motion to seal, the Court finds the practical application of sealing these documents to be problematic, due to Plaintiffs' failure to comply with the Local Rules of the Southern District of Indiana.  Pursuant to Local Rule 5.10, "[e]ach supporting exhibit or attachment must be created *as a separate PDF document* and submitted in one filing *as an attachment* to the main document." (emphasis added)   This is further explained in Section 13 of the *Electronic Case Filing Administrative Policies and Procedures Manual for the Southern District of Indiana*, which states at page 8:

> To facilitate electronic filing and retrieval, documents to be filed electronically are to be reasonably broken into their separate component parts.  By way of example, most filings include a foundation document (*e.g.*, motion) and other supporting items (*e.g.*, exhibits, proposed orders, proposed amended pleadings).  The foundation document, as well as the supporting items, are each separate components of the filing; supporting items must be filed as *attachments* to the

foundation document.  (emphasis in the original)

Plaintiffs failed to file their exhibits as discrete and individual attachments.  [See Docket No. 53.]  As the Court cannot seal individual pages of an attachment – either the entire attachment is sealed or not at all – it would be impossible for the Clerk to comply with this order.  This situation is precisely why Local Rule 5.10 and Section 13 of the electronic filing policy and procedures manual were written as they were.  The Court understands there may be certain challenges associated with electronic filing.  Nevertheless, all attorneys practicing in the Southern District must become familiar with and  comply with the local rules and electronic filing practices of this district.  Pursuant to Local Rule 1.3, failure to do so may result in "the Court . . . ordering stricken from the record a paper which does not comply with these Rules."

Accordingly, Plaintiffs' motion to seal is denied with respect to Exhibits A, B and D.  Plaintiff's motion is granted with respect to Exhibits C and E and those exhibits shall remain under seal.  No later than November 27, 2006, Plaintiffs shall file a motion to withdraw Docket No. 53 and properly refile their exhibits, sealing only those exhibits expressly allowed by this order.  As the Court advised Counsel at the October 3 status conference, Plaintiffs' expert witness disclosure deadline is enlarged to October 31, 2006.  Defendant's expert witness disclosure deadline is enlarged to November 30, 2006.

Dated:  11/14/2006

_____

Tim A. Baker  
United States Magistrate Judge  
Southern District of Indiana

Copies to:

Adrienne Franco Busby
BAKER & DANIELS
afbusby@bakerd.com

Michael Ross Cunningham
ROSE WALKER LLP
rcunningham@rosewalker.com

Scott A. Harkness
NORRIS CHOPLIN & SCHROEDER LLP
sharkness@ncs-law.com

Bruce L. Kamplain
NORRIS CHOPLIN & SCHROEDER LLP
bkamplain@ncs-law.com

Matthew W. Melton
NORRIS CHOPLIN & SCHROEDER LLP
mmelton@ncs-law.com

Martin E. Rose
ROSE WALKER LLP
mrose@rosewalker.com

Joseph H. Yeager Jr
BAKER & DANIELS
jhyeager@bakerd.com